IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MB FINANCIAL, N.A.**, as Guardian of the **ESTATE OF CHRISTINA ZVUNCA**, a Minor,<br><br>  Plaintiff,<br><br>  v.<br><br>**JEANINE L. STEVENS**, *et al.*,<br><br>  Defendants. | Case No. 11 C 798<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court are Motions for Sanctions from Cristina Zvunca ("Zvunca") and Jeanine Stevens ("Stevens"). For the reasons stated herein, the Motions are granted in part and denied in part.

### I. INTRODUCTION

Completely untangling the convoluted attorney-created procedural labyrinth from which these motions emerge is unnecessary to rule on the pending sanctions motions. However, some background on the route by which this morass developed is proper. Attorney David Novoselsky ("Novoselsky") filed a lawsuit in the Circuit Court of Cook County (*The Estate of Cristina Zvunca v. Stevens*, No. 09 L 6397), which contained numerous allegations, including that attorney Stevens abused Zvunca, who is a minor. Novoselsky dismissed this Illinois case with prejudice on July 13, 2010.

On August 11, 2010, two of the defendants in the Illinois case, Stevens and John Cushing, filed a timely motion for sanctions pursuant to Illinois Supreme Court Rule 137. Cook County Circuit Judge Daniel Pierce denied Novoselsky's motion to strike this sanctions motion on January 18, 2011. On February 3, 2011, Zvunca, through her appointed plenary guardian, Tiberiu Klein, and attorney John Xydakis ("Xydakis"), filed a motion to intervene in the sanctions motion. On February 4, 2011, Novoselsky filed the Notice of Removal from Cook County Circuit Court, which occurred prior to Judge Pierce's ruling on Zvunca's motion to intervene.

Thereafter, the floodgates burst, bringing a deluge of motions in federal court. Novoselsky filed: (1) Motion for Leave to File; (2) Motion to Disqualify; (3) Motion to Supplement Motion to Disqualify; (4) Counterclaim; (5) Motion to Dismiss; (6) 28 U.S.C. § 1927 Sanctions Motion against Stevens and Cushing; and (7) Third-Party Complaint brought on his own behalf against MB Financial Bank, Stevens, and Zvunca. (Also, this case was originally assigned to Judge Grady, but reassigned to this Court on February 22, by way of Novoselsky's Motion to Reassign, as the Executive Committee found it related to Case No. 08 C 4507 previously before this Court.) In addition to Novoselsky filing an appearance on behalf of himself, Brian Schroeder and Mark Johnson have filed appearances on behalf of Novoselsky.

On March 2, the Court granted Zvunca's Motion to Remand, which Stevens had joined, as the Court lacked subject matter jurisdiction because no action existed in state court that Novoselsky could remove to federal court. The Court later denied Novoselsky's Motion to Reconsider, and gave Stevens and Zvunca until March 31, 2011, to file their sanctions Motions.

## II. ANALYSIS

### A. 28 U.S.C. § 1927 Sanctions

Zvunca moves for sanctions against Novoselsky pursuant to 28 U.S.C. § 1927. Under § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Seventh Circuit has set forth reasons to impose such sanctions:

> [A] court has discretion to impose § 1927 sanctions when an attorney has acted in an objectively unreasonable manner by engaging in serious and studied disregard for the orderly process of justice; pursued a claim that is without plausible legal or factual basis and lacking in justification; or pursue[d] a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound.

*The Jolly Grp., Ltd. v. Medline Indus.*, 435 F.3d 717, 720 (7th Cir. 2006)(quotations and internal citations omitted). The party moving for sanctions must show subjective bad faith "only if the conduct under consideration had an objectively colorable basis." *Dal Pozzo v. Basic Mach. Co., Inc.*, 463 F.3d 609, 614 (7th Cir.

2006). Objective bad faith requires only reckless indifference to the law, not malice or ill will. *See id.*

Zvunca argues that such sanctions are warranted because Novoselsky pursued claims that had no legal or factual basis when he removed the Rule 137 proceeding from state court. In part, Illinois Supreme Court Rule 137 reads: "All proceedings under this rule shall be brought within the civil action in which the pleading, motion or other paper referred to has been filed, and *no violation or alleged violation of this rule shall give rise to a separate civil suit, but shall be considered a claim within the same civil action*." Ill. Sup. Ct. R. 137 (emphasis added); *see also Tech. Innovation Ctr., Inc. v. Advanced Multiuser Techs. Corp.*, 732 N.E.2d 1129, 1133 (Ill. App. 2000)("A Rule 137 petition is part of the underlying action and not a separate action.").

A plain reading of rule shows that Novoselsky's removal was meritless. This does not require a complex legal analysis. The crux of Novoselsky's argument for removal was that once Zvunca attempted to intervene in the state case, diversity existed. This is a curious argument for Novoselsky to make to support removal, as he states that he is a citizen of Wisconsin, and as such, there was no need for Zvunca to intervene for diversity to exist. Further, Novoselsky admits that the state court had not yet granted Zvunca's petition to intervene prior to him seeking removal. *See* Resp. to Petition for Attorney Fees and Costs, ECF No. 54, Apr. 12, 2011.

Novoselsky succeeds, through his own convoluted arguments, in demonstrating that an objectively reasonable attorney who undertook a cursory review of case law and the facts of the case would have never attempted to remove the Rule 137 proceeding from state court.

Thereafter, Novoselsky's extensive arguments against remanding the case cite no case law to support his position. This is because no case law exists holding that a Rule 137 motion is a separate action. Novoselsky tendered meritless arguments in his desperate attempt to keep the case here. Also, once he got the case into federal court, he used the window of time he had here to file a motion to dismiss the state court sanctions proceedings, as well as a counterclaim, third-party complaint, and even a frivolous § 1927 motion, which argues that Stevens and Cushing should be sanctioned for their *state* court filings. Such unreasonable actions burdened the parties and constitute objective bad faith.

Novoselsky argues that Zvunca was not a party to this case, while ignoring that he filed a counterclaim and third-party complaint against her. Again, his own actions defeat his arguments. His rationale ignores his past filings, and appears to be a desperate attempt to maintain baseless arguments. In this end, Novoselsky cannot argue around the fact that the state-court sanctions motion was not a separate cause of action, so his actions here constitute vexatious and unjustified litigation.

Novoselsky created and unreasonably multiplied the proceedings in federal court, and must pay the consequences. Zvunca's § 1927 Sanctions Motion is granted. The Court agrees with Novoselsky, however, that Zvunca's claim for $20,310.00 in sanctions is excessive. Contrary to Novoselsky's argument, an evidentiary hearing is not necessary to determine the appropriate sanctions, as such a hearing would not assist the Court in its decision. *See Kapco Mfg. Co., Inc. v. C & O Enters., Inc.*, 886 F.2d 1485, 1495 (7th Cir. 1989). Novoselsky has been afforded the opportunity to respond to Zvunca's demand through court filings. No further information is necessary for this ruling.

Zvunca's claim appears excessive considering Stevens' demand for only $2,432.00. Stevens' Motion, however, includes time spent for drafting only one motion. Zvunca's Motion includes work by Xydakis on multiple motions and briefs. Xydakis appears to have taken the lead in this matter, and his claim for sanctions is supported with a detailed accounting of his time and signed declarations. The Court believes Xydakis's representation that he worked extensively on this matter and spent the time he claims on this case. The Court also believes, however, that the appropriate sanctions should not be as high as Zvunca seeks. Accordingly, the Court cuts Zvunca's requested sanctions in half, and finds Novoselsky personally liable for $10,155.00 for violating § 1927. Also, because all filings were signed by Novoselsky, and he appears

to be the motivating force behind this litigation, attorneys Brian Schroeder and Mark Johnson are not liable for these § 1927 sanctions.

Further, the Court may sanction Novoselsky *sua sponte* pursuant to § 1927, "as long as it provides [him] with notice regarding the sanctionable conduct and an opportunity to be heard." *Jolly Grp.*, 435 F.3d at 720. The analysis above also pertains to Stevens' Motion. While Stevens did not file her Motion pursuant to § 1927, Novoselsky has been given notice of such sanctionable conduct and a chance to respond to it through Zvunca's Motion. Accordingly, the Court sanctions Novoselsky pursuant to § 1927 for his actions relating to Stevens, and finds him liable to her for $2,432.00. Again, Schroeder and Johnson are not liable for this amount.

### B.   28 U.S.C. § 1447(c) Sanctions

Both Zvunca and Stevens also move for sanctions pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Such expenses stretch from the commencement of the removal process until eventual remand, and are limited to expenses relating directly to the removal action. *See Tenner v. Zurek*, 168 F.3d 328, 330 (7th Cir. 1999). Such an award is discretionary. *See Castellanos v. U.S. Long Distance Corp.*, 928 F.Supp. 753, 756 (N.D. Ill. 1996).

For the reasons stated in the § 1927 analysis, the Court exercises its discretion and sanctions Novoselsky pursuant to § 1447(c) as to both Zvunca and Stevens. The Court will not permit double recovery, however, as the § 1927 sanctions more than cover the amounts that would have been recoverable under § 1447(c).

### C. Rule 11(c) Sanctions

Finally, both Zvunca and Stevens move for sanctions for Novoselsky's alleged violations of Federal Rule of Civil Procedure 11(b). Procedurally, such sanctions would be improper, as the motions do not comply with the Rule 11(c)(2) requirement that the motion be separate from any other motion. *See Avent v. Solfaro*, 223 F.R.D. 184, 187–88 (S.D.N.Y. 2004). Accordingly, the motions for Rule 11(c) sanctions are denied.

### D. Other Pending Motions

A number of motions in this case remain open. As a matter of housekeeping, in regard to motions filed prior to when this case was remanded back to state court, Novoselsky's Motion for Leave to File is granted; Novoselsky's Motion to Disqualify Counsel John Xydakis is denied; Novoselsky's Motion to Supplement is denied; Novoselsky's Motion to Dismiss is denied as moot; Novoselsky's Motion for Award of Fees, Expenses and Costs Pursuant to 28 U.S.C. § 1927 is denied, as it sought sanctions for actions that the attorneys took in state court; Stevens' Motion for Joinder is

granted, *nunc pro tunc*, to March 2, 2011; and Zvunca's Motion to Stay is denied as moot.

Several motions have also been filed after Zvunca and Stevens filed their March 31, 2011, sanctions motions. First, Zvunca filed another sanctions motion against Novoselsky, James Dahl, and MB Financial Bank on May 20, 2011. The motion reads like a Rule 11 motion, but does not specifically seek sanctions pursuant to Rule 11 and does not comply with the Rule 11 safe harbor provision. Rather, it appears to ask the Court to exercise its inherent power to invoke sanctions. *See Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1058-59 (7th Cir. 1998). Such sanctions, however, "must be invoked with the utmost caution." *Id*. at 1059. The Court will not invoke sanctions for the false statements Zvunca alleges, and accordingly denies Zvunca's second sanctions motion. The Court also denies MB Financial Bank's Motion to Strike Zvunca's May 20 motion, and denies Novoselsky's Motion for Sanctions that relates to Zvunca's May 20 motion. Further, Novoselsky's Motion to Quash Notice of Subpoena is granted. There is no need for any discovery at this point. It is time for the parties to disperse, settle their remaining issues in state court, and bring an end to what has become an unreasonable and unnecessary drain on judicial resources.

### III. **CONCLUSION**

For the reasons stated herein, Stevens' March 31, 2011, Motion for Sanctions is granted in part and denied in part, and Zvunca's

March 31 Motion for Sanctions is granted in part and denied in part.  Novoselsky is personally liable to Zvunca for $10,155.00, and personally liable to Stevens for $2,432.00.

The other open motions in this case are granted and denied as set forth in Section II.D. above.

**IT IS SO ORDERED.**

                        Harry D. Leinenweber, Judge
                        United States District Court

**DATE:** 7/5/2011